**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Case No. 23-cr-00370-NYW-1
Civil Case No. 25-cv-02822-NYW

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

1.     MITCHELL LELAND BACA,

      Defendant/Petitioner.

---

## ORDER

---

Pending before this Court is an amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Amended Petition"), [Doc. 127, filed September 29, 2025], by pro se Petitioner Mitchell Leland Baca ("Mr. Baca," "Defendant," or "Petitioner"). After initial review of the Amended Petition, this Court directed the Government to file a response, which was filed by the United States of America ("the Government" or "the United States") on December 1, 2025. [Doc. 133]. Mr. Baca filed a Reply on March 30, 2026. [Doc. 138]. Mr. Baca also filed a Motion for Extension of Time to Respond/Answer to Government's Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, *see* No. 25-cv-02822-NYW, ECF No. 3, which the Court construed in part as a Supplement to the Amended Petition ("Supplement"), No. 25-cv-02822-NYW, ECF No. 4. The Court permitted the Government to respond to the Supplement, *see id.*, but it did not do so. Upon review of the papers, the docket, and the applicable law, this Court respectfully **DENIES** the Amended Petition.

1

**BACKGROUND**

Petitioner Mitchell Leland Baca was initially charged by Information on one count of Bank Robbery and Aiding and Abetting pursuant to 18 U.S.C. §§ 2113(a) and (2) and one count of Brandishing a Firearm During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).  [Doc. 1].  Counsel was appointed, and the Federal Public Defender entered an appearance on behalf of Mr. Baca.  [Doc. 6; Doc. 7]. On August 23, 2023, a grand jury of the District of Colorado returned an Indictment charging Mr. Baca with five counts of Bank Robbery and Aiding and Abetting; five counts of Brandishing a Firearm During and in Relation to a Crime of Violence; and three counts of Forced Accompaniment During a Bank Robbery and Aiding and Abetting pursuant to 18 U.S.C. §§ 2113(e) and 2.  [Doc. 13].  On August 25, 2023, Mr. Baca pleaded not guilty to each of these counts.  [Doc. 18].

On September 7, 2023, the Assistant Federal Public Defender filed a Motion to Withdraw.  [Doc. 26].  The Court granted the Motion to Withdraw; appointed counsel from the Criminal Justice Act ("CJA") Panel; and warned Mr. Baca that the Sixth Amendment did not give him a constitutional right for counsel of his own choosing.  [Doc. 27].  Patrick Ridley ("Mr. Ridley") entered his appearance on behalf of Mr. Baca on September 14, 2023.  [Doc. 28].  On April 30, 2024, the Court granted Mr. Baca's request to appoint co-counsel and appointed Kristen M. Frost ("Ms. Frost," and collectively with Mr. Ridley, "Defense Counsel') from the CJA Panel.  [Doc. 52].  On May 31, 2023, Mr. Baca filed a Notice of Disposition.  [Doc. 55].

The Court set a Change of Plea Hearing for July 8, 2024.  [Doc. 57].  Due to a change in the proposed Plea Agreement and upon motion by Petitioner, this Court

continued the Change of Plea Hearing to August 29, 2024.  [Doc. 60; Doc. 61; Doc. 74; Doc. 77].  A new Information was filed on August 29, 2024, charging Mr. Baca with two counts of Possession of a Firearm in Furtherance of a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) (Counts 1, 2); one count of Possession of a Firearm by a Prohibited Person pursuant to 18 U.S.C. § 922(g)(1) (Count 3); and four counts of Bank Robbery and Aiding and Abetting (Counts 4, 5, 6, and 7).  [Doc. 89].  On August 29, 2024, Petitioner appeared before this Court; waived his right to an indictment, [Doc. 93]; tendered a plea of guilty to each of the Counts charged in the Information pursuant to a Plea Agreement, [Doc. 91]; and was adjudged guilty of each of those Counts, [Doc. 90]; *see also* [Aug. 29 Hearing Tr.].[1]  During the proceeding, the prosecutor advised Mr. Baca of the charges to which he was intending to plea guilty; the elements of those charges; and the potential consequences of a conviction of those charges, including the maximum and mandatory sentences associated with each of those charges—including that for Counts 1 and 2, "a term of imprisonment of not less [] than five years to run consecutively to any other sentence."  Aug. 29 Hearing Tr. 21:4–8.  Immediately thereafter, Mr. Baca confirmed that he understood the consequences of entering a plea of guilty.  *Id.* at 21:25–22:3.

Defense Counsel further confirmed that they had explained the application of the United States Sentencing Guidelines, and in particular, the sentencing computations contained in the Plea Agreement at pages 13–15.  *Id.* at 22:4–12.  The Court advised Respondent that based on the preliminary calculations of the relevant offense level at 32

---

[1] The Court cites to a preliminary nonpublic version of the transcripts of the various hearings in this matter.  Accordingly, there may be some variations with respect to page numbers, line numbers, and precise language, should an official transcript be ordered and prepared.

and criminal history category of III, the advisory guideline range of incarceration totaled 271 to 308 months, based on a range of 151 to 188 months imprisonment plus 120 months to be served consecutively. *Id.* at 22:13–23:2, 23:21–24:2.

The Court also advised Mr. Baca of both the waiver of appellate rights and the waiver of the ability to challenge the prosecution, conviction, or sentence in any collateral attack, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. [Doc. 92 at 6–7]; Aug. 28 Hearing Tr. at 14:7–15:20. The Sentencing Hearing was set for December 10, 2024. [Doc. 90]. The Court deferred approval of the tendered Plea Agreement upon review of the Presentence Investigation Report. [Doc. 90]; Aug. 29 Hearing Tr. 29:19–21.

On November 5, 2024, the United States Probation Office issued its Presentence Investigation Report. [Doc. 103]. The Presentence Investigation Report calculated Defendant's adjusted offense level as 33 and his criminal history category as III, resulting in an advisory guideline range of 168 to 210 months for Counts 3–7. [*Id.* at ¶ 144]. As to each of Counts 1 and 2, the guideline imprisonment range was 60 months, each term to run consecutively to any other term. [*Id.*]. Mr. Baca filed a Notice Regarding Objections to the Presentence Investigation Report, signed by both Mr. Ridley and Ms. Frost, that indicated that "he has no objections to the Presentence Investigation Report at this time." [Doc. 104]. Mr. Baca also filed a Motion for a Variant Sentence, in which he argued for a variant sentence of 200 months incarceration based on the factors set forth in 18 U.S.C. § 3553(a). [Doc. 109]. The Government filed a Sentencing Statement in which it urged the Court to impose a downward variant sentence of incarceration of 264 months imprisonment, followed by five years of supervised release. [Doc. 108]. The Probation

Office filed a final Presentence Investigation Report, and Addendum noting that there were no objections, on December 3, 2024.  [Doc. 115; Doc. 116].

The Parties then appeared before the Court on December 10, 2024 for Mr. Baca's Sentencing Hearing.  The Court adopted the guideline calculations from the Presentence Investigation Report and formally accepted the Plea Agreement.  Dec. 10 Hearing Tr. 4:8–24.  Ultimately, after considering the factors set forth in 18 U.S.C. § 3553(a), this Court sentenced Mr. Baca to a downward variant term of 224 months of incarceration, consisting of 104 months as to each of Counts 3–7 to run concurrently, 60 months for Count 1 to run consecutively, and 60 months for Count 2 to run consecutively. *Id.* at 37:13–44:25.  Judgment entered against Mr. Baca on December 20, 2024.  [Doc. 120].

On September 8, 2025, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255.  [Doc. 124].  The Court ordered Mr. Baca to cure deficiencies in that initial Petition the following day, and on September 29, 2025, Mr. Baca filed this instant Amended Petition.  [Doc. 127].

**LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides prisoners a mechanism for vacating, setting aside, or correcting their federal sentence.  The petition must be filed in the district that imposed the sentence, because the sentencing court, rather than the district court where the prisoner is confined, must determine the validity of its sentence.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)); *accord*

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (noting that the court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact). "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994)).

## ANALYSIS

In his Amended Petition, Mr. Baca identifies four "claims" of ineffective assistance of counsel:  (1) counsel failed to appropriate file a notice of appeal or consult with him about filing an appeal ("Claim 1"), [Doc. 127 at 4–6]; (2) counsel failed to object to a "duplicitous" plea agreement ("Claim 2"), [*id.* at 6]; (3) counsel failed to raise a "plain error" concern in the calculation of his criminal history points that resulted in his disqualification for safety valve provisions ("Claim 3"), [*id.*]; and (4) counsel failed to challenge a four-level enhancement for "abduction," currently under review by the Tenth Circuit ("Claim 4"), [*id.*].

"[T]o prevail on a claim of ineffective assistance, '[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.'" *Ellis v. Raemisch*, 872 F.3d 1064, 1083 (10th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  Under the first prong, there is a strong presumption that counsel rendered adequate assistance, which is overcome only upon a showing that the performance was "outside the wide range of professionally competent assistance"—conduct that is "completely unreasonable, not merely wrong." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).  "As for the prejudice prong, the defendant must establish a reasonable probability that but for

6

counsel's unprofessional errors, the result of the proceeding would have been different." *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (quotation omitted).  When, as here, a defendant's conviction results from a guilty plea, he must demonstrate that the ineffective assistance "affected the outcome of the plea process," meaning that but for counsel's ineffectiveness he would not have pleaded guilty and would have insisted on trial.  *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation and emphasis omitted).  The Court may consider these prongs in any order because a failure on either prong is fatal to a claim of ineffective assistance.  *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

## I.      Claim 1

In Claim 1, Mr. Baca contends that Defense Counsel was ineffective because they did not file an appeal on his behalf, despite his direction to do so.  [Doc. 127 at 4–5; Doc. 138 at 2].  Pursuant to his Plea Agreement, Mr. Baca waived his right to appeal "any matter in connection with this prosecution, conviction, or sentence" unless one of the following criteria was met: (1) "the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 2113(a), 18 U.S.C. § 924(c) and 18 U.S.C. 922(g)(1)"; (2) "the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 32"; or (3) "the government appeals the sentence imposed."  [Doc. 91 at 2–3].  None of these criteria was met.  Even assuming that Mr. Baca directed Defense Counsel to file an appeal on his behalf and they failed to

do so, such failure cannot form the basis for ineffective assistance of counsel in this instance.

Mr. Baca does not argue that Defense Counsel did not adequately explain the appellate waivers to him, or that if he had understood that he was waiving his right to appeal, he would have proceeded to trial. *See generally* [Doc. 127; Doc. 138]. Indeed, at his Change of Plea Hearing, after the Court advised Mr. Baca of the appellate waiver within the Plea Agreement, Mr. Ridley asked for a moment to confer with Mr. Baca. [Aug. 29 Hearing Tr. at 14:7–15:15]. After such conferral, the Court had the following colloquy with Mr. Ridley and Mr. Baca:

> THE COURT: All right. So, Mr. Ridley, is there anything else you believe that I need to inform Mr. Baca regarding his waiver of appellate right?
>
> MR. RIDLEY: No, Your Honor. Thanks.
>
> THE COURT: Mr. Baca, do you need any more time to talk to Mr. Ridley and Ms. Frost about waiving these rights?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: And do you waive these rights?
>
> THE DEFENDANT: Yes, ma'am.

[*Id.* at 15:17–25]. The Court then confirmed with Defense Counsel that he believed Defendant's waiver of appellate rights was made knowingly, voluntarily, and intelligently. [*Id.* at 16:1–7]. And the Court also confirmed with Mr. Baca:

> THE COURT: Have you -- having in mind all that we have discussed regarding your plea of guilty, and *the rights you'll be giving up* and the maximum sentence you could receive, do you still want to enter a plea of guilty to Counts 1 . . . through 7 of the information?
>
> THE DEFENDANT: Yes, ma'am.

8

[*Id.* at 26:20–25 (emphasis added)].  Based on the entirety of the proceeding, the Court ultimately concluded that the Defendant had discussed the Plea Agreement with his counsel and had signed and agreed to the Plea Agreement voluntarily, knowingly, and intelligently.  [*Id.* at 29:5–8].

In light of this record, Mr. Baca cannot demonstrate that the purported failure to file an appeal impacted the outcome of the proceeding before the district court (or for that matter, any appeal taken to the Tenth Circuit), and accordingly, Claim 1 for ineffective assistance of counsel cannot survive.  *Cf. United States v. Antoine*, No. 17-cr-00134-CMA-2, 2022 WL 2176289, at *3 (D. Colo. June 16, 2022).

## II.     Claim 2

While Petitioner initially used the term "duplicitous," rather than "duplicative," *compare* [Doc. 127 at 6] *with* [Doc. 138 at 3], the Court understands from context that Mr. Baca's argument in Claim 2 is that Defense Counsel was ineffective for failing to argue that Mr. Baca could not be convicted for both Bank Robbery pursuant to 18 U.S.C. § 2113(a) and Possession of a Firearm in Furtherance of a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(i), relying on *Simpson v. United States*, 435 U.S. 6 (1978). [Doc. 127 at 6].  In Response, the United States argued that *Simpson* had been superseded by statute in 1984, and it was not ineffective assistance for an attorney not to pursue a meritless argument.  [Doc. 133 at 6].  On Reply, Mr. Baca concedes that *Simpson* is no longer good law.  [Doc. 138 at 3].

Mr. Baca then attempts to raise additional arguments that were not included in his Amended Petition.  *See* [*id.* at 3–5].  Those arguments are deemed waived, *see United*

9

*States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019), and the Court declines to address them.  Relief under Claim 2 for ineffective assistance of counsel is therefore unwarranted.

## III.    Claim 3

With respect to Claim 3, Petitioner contends that Defense Counsel rendered ineffective assistance because they failed to challenge the Court's determination of the applicable criminal history category, disqualifying him from the application of "safety valve" provisions.  [Doc. 127 at 6].  A defendant who is subject to a mandatory minimum sentence qualifies for a "safety valve" to permit a lesser term of incarceration if he meets the requirements of 18 U.S.C. § 3553(f).  That statute provides that a court shall impose a sentence pursuant to the advisory United States Sentencing Guidelines without regard to the statutory minimum if certain criteria are met, including no more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines.  18 U.S.C. § 3553(f)(1)(A).

Even if Defense Counsel had challenged and prevailed on the calculation of his criminal history points (which is far from guaranteed given the information reflected in the Final Presentence Investigation Report, *see* [Doc. 115]), the nature of the bank robberies disqualified Mr. Baca from the application of the safety valve.  A court may only apply the safety valve and disregard mandatory minimum sentences when "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  18 U.S.C. § 3553(f)(2).  Mr. Baca stipulated in the Plea Agreement that he entered each bank wielding a handgun.  [Doc. 91 at 8–12].  With respect to the BOK Financial and Huntington Bank robberies, Mr. Baca stipulated that he pointed a handgun at the tellers and

10

demanded money.  [*Id.* at 10].  During the Change of Plea Hearing, this Court directed Mr. Baca to that specific section of the Plea Agreement and asked whether Defendant had an opportunity to review the facts as stated in the Plea Agreement.  [Aug. 29 Hearing Tr. 16:8–12].  Mr. Baca confirmed to the Court that not only that he had an opportunity to review the facts as stated in the Plea Agreement, but also that he agreed that those facts were true.  [*Id.* at 16:13–16].  Thus, even if Defense Counsel's conduct was deficient by failing to raise an argument regarding the calculation of criminal history (which this Court does not find), Mr. Baca would have remained ineligible for safety valve relief under 18 U.S.C. § 3553(f)(2) because, at a minimum, he possessed a firearm.  *United States v. Dorelus*, 154 F.4th 1349, 1354–55 (11th Cir. 2025) (observing that defendant's firearm possession "indisputably" made him ineligible for safety valve relief), *cert. denied,* 146 S. Ct. 1660 (2026).

Thus, Mr. Baca has not carried his burden on any element required to establish ineffective assistance of counsel based on Claim 3.  *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (observing that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

## IV.    Claim 4

Lastly, this Court considers Petitioner's argument that Defense Counsel rendered ineffective assistance by failing to challenge a four-level enhancement based on "abduction" based on a circuit-split.  [Doc. 127 at 7]; *see also* [Doc. 115 at ¶¶ 57, 67, 68, 75].  The Government correctly notes that this Court need not reach this question because Mr. Baca's argument is conclusory and devoid of any explanation of how the circuit split renders the four-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(A) applicable to

11

his particular circumstances. *See* [Doc. 133 at 10–12]; *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (finding that while it must liberally construe the defendant's § 2255 arguments, the court is not required to fashion argument where allegations are merely conclusory in nature and without supporting factual averments). Indeed, the Tenth Circuit has "made crystal clear that '[it] do[es] not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.'" *United States v. Harris*, 579 F. App'x 657, 661 (10th Cir. 2014) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)); *see also Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) ("[C]ourt[s] cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Accordingly, Petitioner may not prevail on Claim 4.

One final note with respect to Mr. Baca's assertions that Defense Counsel failed to render effective assistance as required by the Sixth Amendment of the Constitution. The Indictment originally charged Defendant with five counts of Use of Firearm in Furtherance of a Crime of Violence and Aiding and Abetting pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) and 2. [Doc. 13]. Each of those counts carried a minimum sentence of seven years of incarceration. [Doc. 13-1]. As part of the plea bargain, the Government agreed to charge Mr. Baca with two counts of Possession of a Firearm in Furtherance of a Crime of Violence and Aiding Abetting pursuant to 18 U.S.C. § 924(c)(1)(A)(i), which instead carried a mandatory minimum sentence of five years. [Doc. 89-1]. The advisory Sentencing Guidelines contemplated a term of incarceration of 168–210 months for Counts 3–7. And ultimately, based in part on the mitigation evidence presented by Defense Counsel, this Court sentenced Mr. Baca to 224 months total incarceration

12

(comprised of two consecutive mandatory minimum sentences of 60 months for each of Count 1 and 2 and a concurrent sentence of 104 months for each of Counts 3–7)—not only a significant downward variance from the advisory guideline range but also below the Recommendation by the United States Probation Office of 240 months, [Doc. 115-1], and well-below the sentence of 264 months advocated by the United States, [Doc. 108]. Even if Mr. Baca could prove that counsel's performance was wholly deficient—which he cannot—there is simply no evidence in the record, including based on Mr. Baca's own statements, that he would not have pleaded guilty or that this Court would have sentenced him more leniently. These conclusions are fatal to Petitioner's Amended Petition.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)    Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 127] is **DENIED**; and

(2)    The Clerk of Court is **DIRECTED** to mail a copy of this order to:

Mitchell Leland Baca
#71362-510
Florence Federal Correctional Institution
Inmate Mail/Parcels
PO Box 6000
Florence, CO 81226

DATED:  July 7, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge